In the Matter of the ROCHESTER SAVINGS BANK, Respondent, v. WALLACE WAGNER, as Assessor of the City of Rochester, et al., Appellants.

Fourth Department, May 14, 1970.

*Charles L. Willis, Corporation Counsel (John R. Garrity* of counsel), for appellants.

*Harris, Beach & Wilcox (James M. Hartman* and *Douglas S. Gates* of counsel), for respondent.

*Per Curiam.* This proceeding was brought to review certain assessments made by the Board of Assessment of the City of Rochester. The board for the year 1965–1966 imposed an assessment on petitioner's property at 47 Main Street West of $688,000 and on property at 40 Franklin Street of $1,381,800 (incorrectly stated to be $1,300,000 in both the Referee's report and the memorandum of the court confirming the same).

### 40 Franklin Street

The Referee in his memorandum found the land value of this property to be $1,296,760 and the building value to be $705,440 which produces a total of $2,002,200. In his findings, however, the Referee found approximately the same land value ($1,296,-700) but fixed the total value at $2,066,950 which produces a building value of $770,250. It is impossible to reconcile the

discrepancy. In confirming the report the court found "no errors" therein.

We compute the value of the property — using the economic approach — as follows: gross rental income $311,532 made up of bank space $218,479; office space $69,053 and parking lot $24,000 from which is deducted 10% vacancy loss for office space only ($6,905) and expenses ($174,600) for net annual income of $130,027. We attribute a return to the land of $77,806 (6% x $1,296,760) less $2,129 charges to land improvements which leaves a balance of $50,092 attributable to the building. This sum capitalized at 10.04% produces a building value of $498,924 which added to land value ($1,296,760) and land improvements ($14,625) totals $1,810,309 which we find to be the total fair value of the property. Thus, the assessed value ($1,381,800) bears a ratio of 76.3% to total fair value.

### 47 Main Street West

The Referee without elaboration, explanation or breakdown between land and improvements fixed the fair value of this property at $900,000. We find no probative proof to support the finding. In confirming the report the court brushed aside the objections of the city that the report failed to comply with the statute (Real Property Tax Law, § 720, subd. 2) and wrote that the "Referee had the opportunity to observe the witnesses for the parties."

We fix land value at $25 a square foot for a total of $412,375. Using again the economic approach we find gross rental income to be $181,605 (bank space $127,605; office space $54,000) from which are deducted expenses of $87,675 leaving net annual income of $93,930. We attribute a return to the land of $24,742 (6% of $412,735) less $816 charges to land improvements which leaves a balance of $68,372 attributable to the building. This sum capitalized at 10.08% produces a building value of $678,294 which added to land value ($412,375) and land improvements ($6,700) totals $1,097,369. We find the total fair value of the property to be $1,100,000. Thus, the assessed value ($688,000) bears a ratio of 62.5% to total fair value.

Following statutory procedure (Real Property Tax Law, § 720, subd. 3) the Referee selected 12 sample parcels from respective lists submitted by the parties. One parcel was subsequently withdrawn by stipulation of the parties. Following the receipt of extended expert testimony as to the values of these samples the Referee found that the total full value thereof was $6,107,050 and the total assessed value to be $2,160,174.

Using the so-called sum of the totals formula it was found that the ratio of assessed value of true value was 35.4%. The city contends that it was error to use this method and that the Referee should have found the percentile ratio between the full value and the assessed value of each parcel and then should have averaged the ratios. The use of these respective methods was fully explored in *People ex rel. Hagy* v. *Lewis* (280 N. Y. 184, 188) where the court approved the use of the formula here implemented and wrote that the court could not say "that such a process is inadequate for practical attainment of the rough equality which is all that has heretofore been possible under any system of taxation." (See, also, Powell's Reducing Realty Taxes, p. 353; Lee and LeForestier, Review and Reduction of Real Property Assessments, § 1:27.)

Using the found equalization rate (35.4%) the Referee concluded that the assessment on 47 Main Street West should be $318,600 and on 40 Franklin Street $731,700.30. Inasmuch, however, as the petition alleged that the assessed value of 47 Main Street West was $562,000 and of 40 Franklin Street was $790,690 petitioner was so limited in the relief granted and the assessments were fixed in those respective amounts.

Thus, upon our finding that the full value of 47 Main Street West was $1,100,000, the assessment ($562,000) as reduced by the judgment herein bears a ratio thereto of 51.09%. The assessment of $790,690, as similarly reduced, on 40 Franklin Street bears a ratio of 43.6% to the found full value of $1,810,309.

In the light of these facts we turn to the finding of the Referee that an evaluation of the 11 samples produced an equalization rate of 35.4%. In passing we note that in computing the equalization ratio of two properties (1 East Avenue and 43 East Boulevard) mathematical errors were made. Moreover, upon all the proof we find insufficient proof to justify the findings that two of the properties (625 Goodman Street South and 1350 East Avenue) were appropriate samples. Upon all the evidence, however, we find sufficient proof to sustain the ultimate findings made by us which implement the relief requested by petitioner. Thus, it becomes unnecessary to review in detail or adopt the finding of the Referee that the ratio of assessment of real property in the city to true value for the year in question was 35.4%.

The judgment should be affirmed.

DEL VECCHIO, J. P., MARSH, MOULE, BASTOW and HENRY, JJ., concur.

Judgment unanimously affirmed with costs.